UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONTAY BELL-COOK,

        Petitioner,        Case Number: 2:13-CV-12963

v.        HONORABLE PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

DAVID BERGH,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Dontay Bell-Cook (Petitioner) is a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. He challenges his convictions for second-degree murder, Mich Comp. Laws § 750.317, and operating a vehicle without a license causing the death of another person, Mich. Comp. Laws § 257.904(4), on the ground that the evidence presented was insufficient to support his convictions.[1] For the reasons which follow, the petition will be denied and the matter dismissed.

**I. Facts**

The Michigan Court of Appeals provided a factual overview of the case, which is presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), aff'd. 41 F. App'x 730 (6th Cir. 2002), as follows:

On November 28, 2010, Officer Walter Anhut attempted to effectuate a traffic

---

[1] Petitioner also was convicted of first-degree fleeing and eluding, Mich. Comp. Laws § 257.602a(5), but is not challenging that conviction.

stop of a Chrysler Sebring, which was traveling approximately 10 miles per hour over the posted speed limit. Although Anhut activated the overhead lights of his patrol car, the driver did not pull over but continued to accelerate. Anhut pursued the vehicle for approximately 12 to 13 blocks, during which time the Sebring reached speeds in excess of 70 miles per hour and ran 11 stop signs.

The Sebring ultimately collided with a Toyota Camry, which was driven by the victim, who later died from her injuries. Although the occupants fled the scene, officers were able to apprehend all three of the Sebring's occupants. Defendant, who was 16 years old, was the Sebring's driver. He did not have a driver's license at the time of the accident and has never been a licensed driver. In a statement to police following his arrest, defendant admitted that he and his accomplices stole the Sebring. He admitted evading police, running through multiple stop signs and intersections and traveling through residential areas at speeds between 70 and 80 miles per hour. Defendant claims that before the car crash, his passenger-accomplice grabbed the steering wheel from the passenger seat. Anhut's patrol car was fitted with a video that allowed the trial court to view the entire pursuit.

*People v. Bell-Cook*, No. 305931, 2012 WL 4839927, * 1 (Mich. Ct. App. Oct. 11, 2012).

## II. Procedural History

Petitioner was convicted by a judge in Oakland County Circuit Court of second-degree murder, operating a vehicle without a license causing the death of another person, and first-degree fleeing and eluding. On June 24, 2011, he was sentenced to 15 to 30 years' imprisonment for the second-degree murder conviction, 1 to 15 years' imprisonment for the operating a vehicle without a license conviction, and 1 to 15 years' imprisonment for the fleeing and eluding conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals arguing that insufficient evidence was presented to establish that he was the proximate cause of the victim's death. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Bell-Cook,* No. 305931, 2012 WL 4839927 (Mich. Ct. App. Oct. 11, 2012). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave

to appeal. *People v. Bell-Cook*, 493 Mich. 954 (Mich. April 1, 2013).

Petitioner then filed the pending habeas petition. He raises the same claim raised on direct review in state court, that is, that insufficient evidence was presented to sustain his convictions because he was not the proximate cause of the victim's death.

### III. Standard

#### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

#### B.

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

4

disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) *(*citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### IV. Discussion

Petitioner seeks habeas relief on the ground that his convictions were not supported with sufficient evidence to show that he was the proximate cause of the victim's death because defendant's passenger-accomplice grabbed the steering wheel before the vehicle struck the victim's vehicle.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is

charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, — U.S. —, 132 S. Ct. 2060, 2065 (2012).

Under Michigan law, the elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. *People v. Goecke*, 579 N.W.2d 868, 878 (Mich. 1998). The malice element is satisfied "by showing that the defendant possessed the intent to kill, to do great bodily harm, or to create a high risk of

death or great bodily harm with the knowledge that death or great bodily harm would be the probable result. . . . Malice can be inferred from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm." *People v. Djordjevic*, 584 N.W.2d 610, 612 (Mich. Ct. App. 1998) (internal citation omitted). A person is guilty of operating a vehicle without a license causing death where the person was operating a vehicle having never applied or been granted a license and causes the death of another person. Mich. Comp. Laws § 257.904(4).

The Michigan Court of Appeals, in a thoughtful, well-reasoned opinion, rejected Petitioner's sufficiency of the evidence claim, holding:

> Second-degree murder and operating a vehicle without a license that causes the death of another person require that the prosecution establish causation. Mich. Comp. Laws §750.317; Mich. Comp. Laws § 257.904(4); *see People v. Bailey*, 451 Mich. 657, 669; 549 NW2d 325 (1996). We construe the causation element in accordance with its common-law meaning because the statutes do not specifically define it. . . . In criminal jurisprudence, the causation element of a criminal offense is comprised of two components: factual cause and proximate cause. *People v. Schaefer*, 473 Mich. 418, 435; 703 N.W.2d 774 (2005). "In determining whether a defendant's conduct is a factual cause of the result, one must ask, 'but for' the defendant's conduct, would the result have occurred." *Id.* at 436. If the criminal result would not have occurred absent the defendant's conduct, then factual causation exists. *Id.* However, the establishment of factual causation alone will not support the imposition of criminal liability. *Id.* at 436. A defendant's conduct must also be the proximate cause of the victim's injury, meaning "[t]he victim's injury must be a 'direct and natural result' of the defendant's action." *Id.* The Court must examine "whether there was an intervening cause that superseded the defendant's conduct such that the causal link between the defendant's conduct and the victim's injury was broken." *Id.* If an intervening cause supersedes the defendant's act as a legally significant causal factor, then the defendant's conduct will not be deemed a proximate cause of the victim's injury. *Id.* at 438. However, "[w]here an independent act of a third party intervenes between the act of a criminal defendant and the harm to a victim, that act may only serve to cut off the defendant's criminal liability where the intervening act is the *sole* cause of harm." *Bailey*, 451 Mich. at 677 (emphasis added). "In assessing criminal liability for some harm, it is not necessary that the party convicted of a crime be the sole cause of that harm, only that he be a

contributory cause that was a substantial factor in producing the harm. The criminal law does not require that there be but one proximate cause of harm found. Quite the contrary, all acts that proximately cause the harm are recognized by the law." *Id.* at 676 (emphasis added).

There is sufficient evidence in the record for a rational trier of fact to conclude that defendant was the factual cause of the victim's death. "To determine whether a defendant's conduct is a factual cause of a result, one must ask, 'but for' defendant's conduct, would the result have occurred?" *Schaefer*, 473 Mich. at 436. Defendant was the driver of the Chrysler Sebring that was involved in the accident with the victim's vehicle. He was driving at an excessive speed of over 70 miles per hour in a residential neighborhood, ignoring numerous stop signs, recklessly entering intersections, and failing to stop the vehicle at police request. "But for" defendant's reckless driving and the car's striking the victim's vehicle, the victim would not have been killed. Therefore, there is sufficient evidence for a rational trier of fact to conclude that defendant's actions were the factual cause of the accident.

There is also sufficient evidence in the record for a rational trier of fact to conclude that defendant's conduct was the proximate cause of the victim's death. Defendant argues that the passenger's act of grabbing the steering wheel before impact is a superseding, intervening cause that extinguishes defendant's liability. However, it was reasonably foreseeable that defendant's conduct would cause a car accident. Defendant, who was 16 years old, operated a vehicle without a license. Defendant's reckless driving and lack of driving experience created a risk of harm to all drivers on the road. The passenger's conduct was not a superseding cause because grabbing a steering wheel to avoid an oncoming collision was reasonably foreseeable. In addition, the passenger's conduct was not the sole cause of the victim's death. Defendant drove at a reckless speed and in total disregard of stop signs while trying to evade police officers. As a result, there is sufficient evidence that defendant's conduct was the direct and natural cause of the victim's death. Moreover, there is no evidence to suggest that the resulting crash was too remote from defendant's conduct to extinguish liability. Thus, there is sufficient evidence for a rational trier of fact to conclude that defendant caused the victim's death.

Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find that defendant caused the victim's death and the elements of second-degree murder and operating a vehicle without a license causing the death of another person were proven beyond a reasonable doubt. Accordingly, there was legally sufficient evidence to convict defendant of second-degree murder and operating a vehicle without a license causing the death of another person.

*Bell-Cook*, 2012 WL 4839927 at *1-2.

On habeas review, the relevant question is whether the state court's decision finding that sufficient evidence was presented to show proximate cause fell below the "threshold of bare rationality." *Coleman*, — U.S. at —, 132 S. Ct. at 2065. Petitioner drove recklessly, reaching speeds in excess of 70 miles per hour in residential neighborhoods and ran 11 stop signs. It was reasonable for a factfinder to find that, even if the passenger grabbed the steering wheel, the passenger's conduct was not the sole cause of the victim's death and that Petitioner's speed, his running stop signs, and unlicensed status proximately caused the victim's death. Therefore, habeas relief is denied.

## V.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## VI.  Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

SO ORDERED.

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: July 25, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 25, 2013.

                                                s/Deborah Tofil
                                                Case Manager